## No. 4.

NASON *against* SEWALL AND MITCHELL. *Franklin*, 1819.

WHERE a debtor has been arrested on execution, and discharged out of custody, by the creditor, and the same debtor is again arrested and imprisoned on an alias execution, issued on the same judgment, by the directions of the creditor, tresspass for false imprisonment will not lie, for this second imprisonment.

Action for false imprisonment. Plea—Justification under final process, issued on a judgment, in the name of a third person, but the property of defendant. Replication—That defendant, as agent for plaintiff, purchased the judgment with plaintiff's property and for his benefit, and fraudulently concealed the purchase from the plaintiff, and caused the execution to be issued on which plaintiff is imprisoned. Replication held bad on demurrer.

THIS was an action of trespass, for an assault and battery and false imprisonment.

*Plea*, in bar, of Sewall—That heretofore, to wit, at the Circuit Court of the United States, May term, 1816, Lawrence Sallis, of the City, County, and State of New-York, and Francis Yvonet, of Troy, in the County of Rensellaer, in said State of New-York, recovered judgment against the said plaintiff, and one Bohan Shephard, for $1555,54 debt, and $35,37 costs ; that on the 11th October, 1817, before the supposed tresspasses; complained of in plaintiff's declaration, the said judg-

ment then remaining in full force, the said Lawrence and Francis authorised the said Henry to collect, for his own use and benefit, the said debt and costs, to take out execution in their names, and to pursue all legal measures for the collection of said debt and costs ; that the said Henry, being so empowered, did, on the 12th day of October, 1817, cause to be issued a plevies Ca. Sa. (four former writs having issued and been returned unsatisfied) dated the day and year last aforesaid, signed, &c. and returnable within sixty days from date, directed to the Marshal, &c. that the said Henry put the said writ into the hands of David Robinson, Esq. Marshal of the District of Vermont, who, on the first day of November, 1817, took and arrested the body of the said plaintiff, and him has kept and detained in custody, under and by virtue of said writ of execution, and for the cause therein specified, and for the time in said declaration mentioned, which is the same supposed trespass, which the defendant is ready to verify, &c.

*Replication.*   That on the 20th day of October, 1814, the said Bohan Shephard, being in execution, at the suit of the said Sallis and Yvonet, and in the common jail, in St. Albans, in and for the County of Franklin, aforesaid, being then admitted to the liberties of said prison, upon a certain jail bond, executed in that behalf, by the said Bohan and the plaintiff; and the said Bohan having committed no escape or other breach of said jail bond ; afterwards on the 27th day of October, 1814, the said Bohan, at St. Albans, aforesaid, delivered and paid into the hands of the said Henry D. Sewall, a great amount of property, to wit, two thousand dollars, consisting of, &c. for the purpose of enabling the said Henry D. Sewall to purchase in, for the benefit of the said Bohan and the plaintiff, the said debt so due and owing to Sallis and Yvonet, as aforesaid ; and the said Henry then undertook, as soon as convenient, to purchase in said debt, as aforesaid.   And the said Bohan, not having before committed any escape or other breach of the said jail bond, afterwards at St. Albans, aforesaid, on the 28th October, 1814, with the knowledge and consent of the said Henry, and at his

request, departed from the liberties of said prison. And the plaintiff farther replies, and says, that afterwards, to wit, on or about the 15th day of January, 1815, the said Henry, in pursuance of his said undertaking, purchased in said debt from the said Sallis and Yvonet, for the benefit of the said Bohan and the plaintiff, with the estate so delivered to him by the said Bohan, for that purpose, as aforesaid. And the plaintiff farther saith, that the said defendant caused a suit to be duly instituted before the said Circuit Court on the jail bond, aforesaid, in favor of the said Sallis and Yvonet, against the said Bohan and the plaintiff, at October term, 1815, in which suit the judgment aforesaid, mentioned in the defendants' plea, was recovered, at May term, 1816, as set forth in the defendants' said plea. And during the pendency of said suit, and at all times previous, and until after the rendition of the judgment aforesaid, the said Henry fraudulently concealed from the said Bohan and the plaintiff, all knowledge and information of the purchase of said debt, by the said Henry, as aforesaid, and the said Bohan and the plaintiff remained ignorant of the purchase of said debt, by the said Henry, as aforesaid, until long after the rendition of said judgment ; that the said Henry was, on the 11th and 12th days of October, 1817, and still is empowered by the said Sallis and Yvonet, as stated in his plea aforesaid. And the plaintiff further saith, that the said Henry, after the purchase of said debt, to wit, on or about the 27th day of February, 1817, and before the issuing of the pretended execution, dated October 12, 1817, by the defendant in his said plea mentioned, caused and procured an execution, in due form of law, to be issued on said judgment, in favor of said Sallis and Yvonet, against the said Bohan Shephard and the plaintiff, and afterwards, on the 2d day of April 1817, the said Henry caused and procured said writ of execution to be put into the hands of David Robinson, Marshal, as aforesaid, to serve and return, and then and there directed the said Marshal to arrest and keep the bodies of the said Bohan and the plaintiff thereon ; and afterwards, to wit, on the 3d day of April, 1817, and while said writ
Q

of execution was in full force, the said Marshal, in obedience
to the command of the said writ and the directions of the said
Henry, by virtue of said writ arrested the bodies of the said
Bohan and the plaintiff, and them, then and there kept and de_
tained in custody for a long time, to wit, for the space of five
days. And the plaintiff further saith, that afterwards, to wit,
at St. Albans, aforesaid, on or about the 8th of April, 1817,
and while the said Bohan and the plaintiff so continued in cus-
tody of the said Marshal, as aforesaid, the said Henry ordered
and directed said Marshal to release and discharge the said
Bohan and the plaintiff from custody and imprisonment, under
and by virtue of said writ of execution, upon condition that
they should pay the said Marshal his fees on said execution ;
and the Marshal aforesaid, in obedience to the said order and
direction of the said Henry, thereupon did release and dis-
charge the plaintiff from all father custody, imprisonment, and
restraint, in that behalf, all which he is ready to verify, where-
fore, &c. Demurrer.

*Causes.* That plaintiff's replication is double and has ten-
dered distinct matters to be put in issue :

1. The purchase of said debt as stated in the replication.

2. The arrest, imprisonment, and release of the plaintiff, as
set forth in the replication.

For defendant, in support of the general demurrer, *Swift* and
*Van Ness :*

1. It appears from the plaintiff's replication, that the impris-
onment complaned of, was under a process of execution, reg-
ularly issued, by a court having power to issue the same ; the
plaintiff cannot, therefore, maintain trespass for this injury,
but if any action will lie, it must be case. 1 Chit. Pl. 136,
164, 183, 186. 2 Chit. Pl. 242. 3 Term Rep. 185. 3 Esp.
R. 144. 2 Black. R. 1190. 2 Wilson 302. 2 Doug. 671.
1 B. and P. 388. 7 T. R. 634. Cowp. 18.

2. By this action the plaintiff attempts to reverse the judg-
ment of a Court having complete jurisdiction, which cannot be
done in this collateral way ; but must be considered good, to

all intents and purposes, until in some way set aside. 3 Term R. 125. 1 Stra. 481. 2 B. and P. 391. 7 T. R. 634. 1 Chit. Pl. 183. Phil. Ev. 225, &c.

In support of the special cause of demurrer:

Every plea must be single, entire, and confined to one single point. 5 Com. Dig. 385, 65. 5 B. and P. 76. 1 Bur. 320–4. 3 Bla. Com. 311. 1 Chit. Pl. 32.

*Contra. Royce.* The replication is an answer to the plea, for where a creditor has received a full satisfaction of his judgment, and discharged the debtor out of custody on execution, it is false imprisonment to arrest him again on the same judgment.

The public credit to be given to the signature of the clerk of a court of record, as well as the power of the court, will protect the *officer*, but not the *party*, who is guilty of an imposition on both.

To shew the replication duplex, the defendants must prove it to contain two separate and wholly disconnected facts, either of which alone entitles the plaintiff to recover. Bla. R. 1022.

The payment, and discharge, even though *separately*, entitling the plaintiff to recover, are yet so connected that plaintiff may well aver both ; they form one entire transaction or defence to the execution and judgment.

Opinion of the Court :

The authorities are full in point, that tresspass will not lie in this case, and these pleadings present a strong case for their application. By maintaining this action the Court would, in effect, attempt to control the process of the Circuit Court of the United States ; it would be very inconsistent that this Court should support an action for false imprisonment, for confinement on an execution issuing from that Court, while that Court may refuse to relieve the prisoner by setting aside the execution, and may even sustain an action for an escape, should he be liberated by the jailer.

2. As to the facts of misconduct of defendant, as agent of the plaintiff, and the purchase of the debt, as stated in the re-

plication, they were matters of defence to the original action, or perhaps, if discovered after judgment, causes for setting aside the judgment, by process brought to the Circuit Court, directly upon that judgment, and for that purpose ; but, they cannot be *pleaded* in avoidance of the judgment in this *collateral* way, while that judgment stands in full force ; the party and all acting under him must be justified in carrying that judgment into effect.

Replication insufficient.